Rex, J.
The only question made in this case is: Does the answer of the defendants below state facts sufficient to ■constitute a defense to the cause of action set out in the petition of the plaintiff ?
*384 We think it does. It is claimed, however, by counsel for the defendant in error, that the answer is defective in this: that it does not also aver that on the discovery of the fraud, and before they repudiated the alleged contract, the defendants tendered to Van Hook the articles of property described therein, on the principle that “a party seeking to-rescind a contract on the ground of mistake or fraud, must first place the other party in statu quo.” This rule is undoubtedly applicable in all cases where the property, sold under a contract, was delivered to the party seeking to rescind it, on the ground of fraud; but we do not think it is-applicable to this ease.
In this case the defendants, by their answer, say that they did not agree to any of the terms or conditions contained in the alleged contract sued on; but, on the contrary, that their signatures were procured thereto, they being utterly ignorant of its contents, by the fraudulent pretense and representation of Van Hook; that the same was a recommendation to the new board of education, to be thereafter elected, to purchase the 'maps, books, and keys therein described, and which, as fraudulently read to them by Van Hook, was a mere recommendation to such new board of education for that purpose.
The truth of the answer being admitted by the demurrer, it is quite clear to us that when the defendants discovered the fraud that had been attempted to be practiced upon them by Van Hook, it was not necessary on their part,-in order to rescind the alleged contract, to tender to Van Hook the property which he had placed in the hands of an agent selected by himself, and to which act, as a delivery of the property to them, the defendants did not in any manner assent.
Neither the alleged contract nor the order issued by the clerk is negotiable. The plaintiff below, who is the assignee of Van Hook, holds them, therefore, subject to the-same defenses that could have been made against them in the hands of Van. Hook.
It is also urged by counsel for the defendant in error that the plaintiff's in error had no right to rely upon the state- *385 ments and representations of Van Hook as to the contents and effects of the paper they signed. Concede it. It does not therefore follow that they ought to be compelled to pay the amount claimed to be due on the alleged contract, because they believed him and relied on his statements.
There is no question here of innocent holders, to be injured by the faith of the plaintiffs in error, in the statements of Van Hook. The defendant in error had actual notice of the fraud of Van Hook at the time the order and alleged contract were assigned to him, and if they had been negotiable, he could have no just cause of complaint.
For error of the court in sustaining the demurrer to the answer of the defendants below, the judgment will be reversed, and the cause remanded for further proceedings.

Judgment accordingly.

Welch, C.J., White, Gilmore, and McIlvaine, J.J., concurred.